**In re the Marriage of Jakki Kae MENK, petitioner, Respondent,**

v.

**Brian Keith MENK, Appellant.**

**No. C2–86–210.**

Court of Appeals of Minnesota.

June 17, 1986.

Loren E. Gross, Christian and Gross, Minneapolis, for respondent.

James C. Lofstrom, McMenomy, Severson, Sheldon, Sovis & Dusich, P.A., Apple Valley, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Brian Menk appeals from the trial court's amended judgment and decree providing for an increase in his child support obligation. We remand for further consideration.

## FACTS

Appellant Brian Menk and respondent Jakki Menk were married in 1981. In November 1983, pursuant to the parties' stipulation, their marriage was dissolved. The stipulated judgment and decree granted custody of the parties' one-year-old child to respondent and set appellant's child support obligation at $275 per month. The judgment and decree provided a cost of living adjustment to appellant's child support obligation every two years. There are no findings in the original decree regarding either party's income or expenses at that time.

In May 1985, appellant's support obligation was increased to $292 pursuant to the cost of living adjustment provision in the decree.

In September 1985, respondent made a motion to amend the decree so that appellant's support obligation complied with the child support guidelines. Respondent's motion was essentially a motion for a modification in child support. Respondent submitted an affidavit with her motion that states her monthly expenses are $1,466.

At the hearing on the motion, respondent first argued that the decree should be amended because appellant's original support obligation deviated from the child support guidelines and the trial court had failed to provide findings to support the deviation. Respondent further argued that a substantial change had occurred because appellant's income had increased from $11 per hour in 1983 to approximately $14.25 per hour in 1985 (a net monthly income of approximately $1,600). In response, appellant claimed that he made more than $11 per hour in 1983, but he did not indicate what that amount was. Respondent also argued that the legal application of the child support guidelines had substantially changed since the date of the decree.

The trial court found that "the increased earnings of [appellant] since the date of the Decree is a circumstance sufficient to warrant modification of his support obligation to meet the statutory guidelines." The court increased appellant's support obligation to $400 per month, the guidelines amount for an obligor with a net monthly income of $1,600. Subsequently, the court entered an amended judgment and decree setting appellant's support obligation at that amount.

## ISSUE

Did the trial court make adequate findings to support the increase in appellant's child support obligation?

## ANALYSIS

In light of the recent case of *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986), we

must remand this case for further consideration. *Moylan* directs that when a court modifies a child support obligation the record must reveal that the trial court considered the statutory factors required for a modification. *Id.* at 865.

■ A trial court may modify a decree with respect to child support:

upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 (Supp.1985).

Section 518.64 requires a two-step analysis:

(1) Do any of the four factors in Minn. Stat. § 518.64, subd. 2, alone or in combination, create a substantial change in circumstances warranting a modification of child support?; and (2) if so, after considering the needs of the children and the financial situation of the parties' spouses, what modification should the court make?

*Moylan*, 384 N.W.2d at 864. When considering what modification to make, the court must also consider the child support guidelines set forth in Minn.Stat. § 518.551, subd. 5 (1984) as well as the factors listed in Minn.Stat. § 518.17, subd. 4 (1984).[1] *Moylan*, 384 N.W.2d at 863–64.

■ The trial court's findings in this case are inadequate to support its modification. The only findings the trial court made are that appellant experienced a substantial increase in income, one of the factors required under Minn.Stat. § 518.64, subd. 2, and that the increase warranted a modification of his support obligation. The trial court did not make a finding as to the past or current levels of appellant's income. Nor did it specifically indicate that the increase in appellant's income made the original decree unreasonable and unfair. Further, there is no indication in the record that the court considered the needs of the dependent child or the parties' financial situation. In fact, there is little evidence in the record from which the trial court could make any findings. There is no evidence of appellant's expenses, respondent's income or the needs of the child. *See Quaderer v. Forrest*, 387 N.W.2d 453 (Minn.Ct. App.1986) (interpreting *Moylan* and remanding case to the trial court for specific findings on the overall expenses of both parents and the needs of the child). An expanded record will be required on remand.

## DECISION

We remand to the trial court for reconsideration and express findings on the statutory factors required for a child support modification. Because the record is so sparse, the trial court shall open the record for additional evidence in order to make the required findings.

Remanded.

1. The factors listed in section 518.17, subd. 4 are:

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4 (1984).